LEE, P.J.,
 

 for the Court.
 

 PROCEDURAL HISTORY
 

 ¶ 1. Frank Smith was found guilty by a jury in the Circuit Court of Pike County of possession of at least one tenth but less than two grams of cocaine with intent to distribute. Smith was sentenced as a habitual offender to life without eligibility for parole or early release. Smith made a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, which was denied by the trial court.
 

 ¶ 2. Smith now appeals, asserting the following issue: the verdict was against the overwhelming weight of the evidence. Finding no error, we affirm the judgment of the trial court.
 

 FACTS
 

 ¶ 3. According to Katrina Lyons’s testimony, Daphne Patterson, also known as Penny, and Patterson’s stepfather, Smith, came to her house and tried to sell her cocaine, but she refused to buy it. Lyons testified that she told Patterson and Smith, “Y’all need to leave; the law is watching my house.” Lyons called the police after Patterson and Smith left and reported the illegal activity on her property. Deputy Kennis Montgomery responded to the call. While Deputy Montgomery was talking to Lyons at her house, a black truck pulled into the yard, backed out, and drove back down the road. Lyons told Deputy Montgomery that the black truck was the one Patterson and Smith came to her house in earlier that day.
 

 ¶ 4. Deputy Montgomery followed the truck and performed a traffic stop after observing the vehicle swerve off the road onto the edge of a ditch and then back onto the road. Patterson was driving the truck. She informed Deputy Montgomery that she did not have a driver’s license. As Deputy Montgomery was standing next to the truck, he noticed two open beer cans on the floor of the truck. Patterson and Smith admitted that they had been drinking. Patterson also admitted that she and Smith were “high.”
 

 ¶ 5. Deputy Montgomery asked Patterson and Smith for their consent to search the vehicle. Patterson and Smith consented to the search. Deputy Montgomery found a pill bottle wrapped in electrical tape inside a brown paper bag under the passenger seat where Smith was sitting. The pill bottle contained what appeared to be cocaine. Both Smith and Patterson denied that the pill bottle belonged to them. Deputy Montgomery placed Patterson and Smith in custody. The substance tested positive for cocaine.
 

 STANDARD OF REVIEW
 

 ¶ 6. “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only
 
 *817
 
 disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush v. State,
 
 895 So.2d 836, 844(¶ 18) (Miss.2005). “[T]he evidence should be weighed in the light most favorable to the verdict.”
 
 Id.
 

 ¶ 7. A reversal on the grounds that the verdict was against the overwhelming weight of the evidence, “unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict.”
 
 Id.
 
 (quoting
 
 McQueen v. State,
 
 423 So.2d 800, 803 (Miss.1982)). Rather, it means that this Court, sitting as the “thirteenth juror,” simply disagrees with the jury’s resolution of the conflicting testimony.
 
 Id.
 

 DISCUSSION
 

 ¶ 8. Smith argues that the jury verdict was against the overwhelming weight of the evidence because it was based on the testimony of two admitted cocaine users, and without them testimony, there was no evidence to link Smith to the pill bottle besides his proximity to it.
 

 ¶ 9. To establish possession, “there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.”
 
 Hamm v. State,
 
 735 So.2d 1025, 1028(¶ 11) (Miss. 1999) (quoting
 
 Curry v. State,
 
 249 So.2d 414, 416 (Miss.1971)). In the absence of actual physical possession, the State must show constructive possession.
 
 Williams v. State,
 
 971 So.2d 581, 587(¶ 16) (Miss.2007). “Constructive possession is established by showing that the contraband was under the dominion and control of the defendant.”
 
 Id.
 
 (quoting
 
 Roberson v. State,
 
 595 So.2d 1310, 1319 (Miss.1992)). “[Tjhere must be sufficient facts to warrant a finding that the defendant was aware of the presence and character of the particular [contraband] and was intentionally and consciously in possession of it.”
 
 Id.
 
 (quoting
 
 Cumj,
 
 249 So.2d at 416).
 

 ¶ 10. Since Smith was not in physical possession of the pill bottle, the State presented the testimony of Patterson and Lyons to show that Smith was guilty of constructive possession. Patterson, an admitted drug user, testified that she and Smith went to Lyons’s house on the day of the arrest “[t]o sell her some dope.” However, Patterson could not remember certain events of the day. She explained her lack of memory by saying, “Well, I had been smoking dope! I was on drugs!” Patterson testified that she saw Smith with the pill bottle in his hand that day, and she had seen him with it on previous occasions. Patterson told the jury that when Deputy Montgomery came up behind the truck, she told Smith to give her the pill bottle so she could hide it, but Smith refused. At trial, Patterson was shown the pill bottle and asked to identify it. Patterson identified the bottle as “Daddy Frank’s pill bottle with his dope in it.”
 

 ¶ 11. Lyons testified that she had a drug problem and had bought cocaine from Smith and Patterson in the past, but she had stopped using drugs. Lyons testified that when Smith and Patterson came to her house, Smith pulled out the pill bottle and poured the cocaine into his hand to show it to her. She claimed that Patterson never had control of the pill bottle.
 

 ¶ 12. Smith contends that Lyons and Patterson are friends and that Lyons was lying to protect Patterson. Also, Smith argues that earlier on the day of the arrest, Patterson had been sitting in the passenger seat, and he had been driving. Smith also takes issue with the fact that the pill bottle was not checked for fingerprints. When asked if he attempted to
 
 *818
 
 recover fingerprints from the bottle, Deputy Montgomery answered, “No, sir, I didn’t. Anytime you’ve got something that slick, it’s like glass, it’s hard to take fingerprints off of something like that.” He also testified that it was not usual practice in this type of situation to take fingerprints on a piece of evidence as was found in the truck. When questioned further about what evidence he had and why no fingerprints were needed, Deputy Montgomery responded:
 

 Being that the drugs was [sic] found on his side of the vehicle where he was sitting under the seat where he was sitting, under the edge of the seat, she [Lyons] I.D.’d that it was going to be in a brown paper bag, pill bottle with black electric tape on it, and that’s where I would find the crack cocaine. And I did find that in the vehicle ... just as she had described to me.
 

 ¶ 13. Sitting as the “thirteenth juror” in this case and viewing the evidence in the light most favorable to the verdict, we find that the jury’s verdict was not against the overwhelming weight of the evidence. As for Smith’s argument that Patterson’s and Lyons’s testimony was not credible, “[t]he jury is charged with the responsibility of weighing and considering conflicting evidence, evaluating the credibility of witnesses, and determining whose testimony should be believed.”
 
 Ford v. State,
 
 737 So.2d 424, 425(¶ 8) (Miss.Ct.App.1999). The jury was aware that Patterson and Lyons were admitted drug users and was able to consider that in weighing the testimony. We find that the trial court did not err in denying Smith’s motion for a new trial.
 

 ¶ 14. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF AT LEAST ONE TENTH BUT LESS THAN TWO GRAMS OF COCAINE WITH INTENT TO DISTRIBUTE AND SENTENCE AS A HABITUAL OFFENDER OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR EARLY RELEASE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.