ROBERTS, J.,
 

 for the Court.
 

 ¶ 1. A jury sitting before the Hinds County Circuit Court found Michael Jerome Williams, Jr., guilty of two counts of
 
 *55
 
 capital murder and one count of possession of a firearm by a prior convicted felon. For the two counts of capital murder, the circuit court sentenced Williams to two concurrent sentences of life without the possibility of parole. For possession of a firearm by a prior convicted felon, the circuit court sentenced Williams to three years in the custody of the Mississippi Department of Corrections (MDOC) to run concurrently with Williams’s two concurrent life sentences. Aggrieved, Williams appeals and claims that the circuit court erred when it excluded evidence that he attempted to commit suicide after he shot the two murder victims in this case. Additionally, Williams claims the evidence against him was legally insufficient to convict him of either count of capital murder. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. This case is the result of the murders of Latanya Thompson and Calvin Jennings on November 20, 2005. Latanya and Williams had been romantically involved for approximately ten years before they split up sometime in the summer of 2005. Although they were never married, Latanya and Williams had three children together. A few months prior to November 2005, Latanya and her three children moved into a home with her friend, Tawan-da Hedge, and Tawanda’s children. Later, Latanya’s brother, Zachary Thompson, moved in the house with Latanya, Tawan-da, and the children.
 

 ¶ 3. Despite them breakup, Williams continued to visit Latanya and their three children. In the early morning hours of November 20, 2005, Williams drove by La-tanya’s house in Hinds County, Mississippi. According to Williams, he wanted to stop by her house to tell her how much he loved her. However, Williams saw an unfamiliar car parked at Latanya’s house.
 

 ¶ 4. Williams stopped his car, got out, and knocked on Latanya’s front door. No one answered. Williams then looked through the window to Latanya’s bedroom. Williams saw Latanya in her bed. He did not recognize the man lying next to her.
 

 ¶ 5. Williams went to his car and armed himself with a revolver. He then returned to the front door and knocked again. Zachary, who had been sleeping on the living room sofa, heard the knocking. La-tanya told Zachary not to open the door because it was Williams that was knocking. Undeterred, Williams knocked louder. When no one answered the door, Williams kicked the door in.
 

 ¶ 6. Latanya confronted Williams and attempted to stop him, but he simply pushed her aside and proceeded to her bedroom. Williams shot Calvin in the chest at close range. Calvin managed to run out of Latanya’s bedroom, through the living room, and across the street. As he ran, Calvin exclaimed, “he shot me.” Williams later testified that he attempted to pursue Calvin, but he could not find him. Calvin ran to Shamika Whitlock’s house. Calvin knocked on the door, but Whitlock would not open the door. However, Whitlock called the police and reported that Calvin had been shot. Tragically, Calvin died at the scene.
 

 ¶ 7. When Williams could not find Calvin, he turned his attention toward Latan-ya. Williams found her behind her bedroom door. Williams then shot Latanya once in her chest. Latanya fell to the floor. According to Williams, Latanya said, “Mike, you’re killing me.” Williams testified that he said, “[b]aby, I’m sorry,” and then, undeterred, he shot her twice in the head.
 

 
 *56
 
 ¶ 8. Zachary had attempted to catch up to Calvin. When Zachary heard shots coming from the house, Zachary ran back to the house. Zachary encountered Williams, who was still armed with the revolver. Williams ran out of the house, got into his car, and drove away. Zachary went inside the house and found Latanya behind her bedroom door.
 

 ¶ 9. Williams was later indicted for two counts of capital murder during the commission of burglary of a dwelling and one count of possession of a firearm by a prior convicted felon. Williams pled not guilty and went to trial. Additional facts will be discussed in greater detail in the analysis portion of this opinion. The jury found Williams guilty of both counts of capital murder and the single count of possession of a firearm by a prior convicted felon. Williams appeals.
 

 ANALYSIS
 

 I. EVIDENCE OF ATTEMPTED SUICIDE
 

 ¶ 10. At trial, Williams sought to present evidence that he attempted suicide after he killed Calvin and Latanya. The prosecution objected and argued that Williams attempted suicide was inadmissible because his state of mind after he shot and killed Calvin and Latanya was irrelevant. The circuit court sustained the prosecution’s objection and refused to allow Williams to reveal to the jury that he attempted to kill himself after he had killed Calvin and Latanya.
 

 ¶ 11. Outside the presence of the jury, Williams presented proffered testimony from his mother, Beverly Williams. During the proffer, Beverly testified that on the morning of November 20, 2005, Williams had entered her apartment with a pistol to his temple. According to Beverly, Williams pulled the trigger, but the pistol failed to fire. During Williams’s testimony, he testified that he went to Beverly’s house after he had left the home of an unidentified friend.
 

 ¶ 12. Williams appeals and claims the circuit court committed reversible error when it refused to allow him to present evidence of his attempted suicide. The relevance and admission or exclusion of evidence is a matter of the trial court’s discretion which will be reversed only for an abuse of that discretion which results in prejudice to a party.
 
 Shearer v. State,
 
 423 So.2d 824, 826-27 (Miss.1982). According to Williams, his attempted suicide “is certainly relevant to his state of mind during the tragic shootings that claimed the lives of Latanya ... and Calvin.... ” We disagree.
 

 ¶ 13. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. M.R.E. 401. Evidence that is irrelevant is inadmissible. M.R.E. 402. In essence, Williams claims the circuit court prohibited him from presenting evidence that would have corroborated his defense theory. That is, Williams argues that his attempted suicide bolstered his argument that he acted in the heat of passion. This Court has defined heat of passion as follows:
 

 a state of violent and uncontrollable rage engendered by a blow or certain other provocation given, which will reduce a homicide from the grade of murder to that of manslaughter. Passion or anger suddenly aroused at the time by some immediate and reasonable provocation, by words or acts of one at the time. The term includes an emotional state of mind characterized by anger, rage, hatred, furious resentment or terror. The passion felt by the person committing
 
 *57
 
 the act should be superinduced by some insult, provocation, or injury, which would naturally and instantly produce, in the minds of ordinarily constituted men, the highest degree of exasperation.
 

 Booze v. State,
 
 942 So.2d 272, 274(¶ 9) (Miss.Ct.App.2006) (quoting
 
 McClendon v. State,
 
 748 So.2d 814, 817(¶ 13) (Miss.Ct. App.1999)). Williams’s attempted suicide after he killed Calvin and Latanya does not tend to make it more probable that he acted in the heat of passion at the time he killed them. While Williams’s attempted suicide can arguably be viewed as evidence that he regretted his actions, under the circumstances, it does not tend to make it more probable that he acted in the heat of passion when he killed Calvin and Latan-ya. Williams could have had the same regret after acting in a completely deliberative and lucid state of mind. Accordingly, his attempted suicide has no probative value. Additionally, the circuit court’s decision did not cause Williams to suffer undue prejudice. Williams was able to introduce his heat-of-passion theory through other evidence. Williams testified that he saw “this guy laying [sic] on my side of the bed, man. And man, I snapped. It was like (indicating sound).... It’s like two seashells on the inside of your (indicating sound).” Finally, the circuit court granted instruction S-3, which was a heat-of-passion manslaughter instruction. Based on the foregoing considerations, we find that this issue is without merit.
 

 II. SUFFICIENCY OF THE EVIDENCE
 

 ¶ 14. Williams claims the evidence against him was legally insufficient to convict him of both Latanya’s murder and Calvin’s murder. Williams last challenged the sufficiency of the evidence in his post-trial motion for a judgment notwithstanding the verdict (JNOV)- A motion for a JNOV is a challenge of the sufficiency of the evidence.
 
 Jefferson v. State,
 
 818 So.2d 1099, 1111(¶ 30) (Miss.2002). “A motion for directed verdict challenges the legal sufficiency of the evidence.”
 
 Booze,
 
 942 So.2d at 274(¶ 7). Our review of the sufficiency of the evidence “is limited to whether the evidence shows beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed, and where the evidence fails to meet this test it is insufficient to support a conviction.”
 
 Id.
 
 (internal quotations omitted). “After viewing the evidence in the light most favorable to the State, the evidence is sufficient if any rational trier of fact could have found the defendant committed each element of the crime beyond a reasonable doubt.”
 
 Id.
 

 ¶ 15. Williams was accused of two counts of capital murder in violation of Mississippi Code Annotated section 97-3-19(2)(e) (Rev.2006). Williams claims the prosecution presented legally insufficient evidence that he acted with deliberate design. “The killing of a human being without the authority of law by any means or in any manner shall be murder ... [w]hen done with deliberate design to effect the death of the person killed.... ” Miss.Code Ann. § 97-3-19(l)(a) (Rev.2006).
 

 ¶ 16. Williams claims there was no evidence that he acted with deliberate design because he “did not walk up to the house with his gun, ready for violence. It was not until he saw [Latanya] with someone else [that he] ‘snapped’ and went to his car, retrieved his gun, and kicked in the door.” However, Williams did not act when he first saw Calvin in Latanya’s bed. Instead, Williams went to his car, retrieved his revolver, knocked on the front door, kicked it in when no one answered, pushed past Latanya, shot Calvin, pursued him briefly, found Latanya, shot her once
 
 *58
 
 in the chest, responded to her final words with an apology, and
 
 then
 
 shot her twice in the head.
 

 ¶ 17. In
 
 Booze,
 
 this Court held that there was sufficient evidence of deliberate design where a defendant left the scene of an altercation, went and retrieved a pistol, returned to the scene of the altercation, and then shot and killed a victim.
 
 Booze,
 
 942 So.2d at 275(¶ 12). Likewise, based on the evidence presented, we find that the evidence was legally sufficient to convict Williams of the murder of Latanya and Calvin. Accordingly, we find no merit to this issue.
 

 ¶ 18. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF COUNTS I AND II, CAPITAL MURDER, AND SENTENCE OF LIFE WITHOUT THE POSSIBILITY OF PAROLE FOR EACH COUNT, AND COUNT III, POSSESSION OF A FIREARM BY A CONVICTED FELON, AND SENTENCE OF THREE YEARS, WITH ALL SENTENCES TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ, IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.