MYERS, P.J.,
for the Court:
MODIFIED OPINION ON MOTION FOR REHEARING
¶ 1. The motion for rehearing is denied. The original opinion issued in this case is withdrawn, and the following opinion is substituted therefore.
¶ 2. Powell was convicted in the Circuit Court of Copiah County of the statutory rape of his eleven-year-old daughter, A.B.[1] The trial court sentenced Powell to serve a term of thirty years in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction and sentence, Powell appeals.
FACTS
¶ 3. On May 17, 2008, A.B. went to stay with her mother in Hinds County, Mississippi, for the summer. A.B. had spent most of the previous two years with her father, Powell. Powell lived in Crystal Springs, Mississippi, in Copiah County. On May 27, 2008, A.B. told her mother that she was suffering from burning and pain during urination. A.B.’s mother called Powell, who told her that he believed A.B. was suffering from a urinary tract infection. Powell stated that A.B. “has them all the time,” and he recommended that A.B.’s mother “put some of those women creams [sic] on her and she’ll be all right in a little while.” A.B.’s mother insisted on taking A.B. to see a doctor, and Powell replied that she should call him back and let him know what happened.
¶ 4. A.B.’s mother then took the child to the emergency room at the Central Mississippi Medical Center in Jackson, Mississippi. A.B. was examined by Michael Williams, a nurse practitioner. Williams ordered a urinalysis, which revealed that A.B. was suffering both from a urinary tract infection and trichomoniasis, a sexually transmitted disease. Williams conducted a noninvasive exterior examination of the child and noted significant vaginal discharge. A.B. initially told her mother and Williams that she had never had any sexual contact with anyone. However, because A.B. was diagnosed with a sexually transmitted disease, an employee of the Mississippi Department of Human Services [2] interviewed the child at the hospital. A.B. disclosed to the DHS interviewer that she had been sexually abused by her father, Powell.
¶ 5. A.B. testified. at trial that Powell had raped her approximately ten times while she was in the fourth and fifth grades. She described the abuse as follows: “[Powell] would call me in his room, and he asked me to do something, and he told me what he was going to do, and he told me to pull my pants down, and he pulled his down and he puts [sic] his private parts in mine.” A.B. testified that she had not previously disclosed the abuse because she was afraid of her father.
¶ 6. Chad Sills, an investigator with the Copiah County Sheriffs Department, also testified for the State. He stated that he had interviewed Powell and that Powell had denied raping his daughter. Powell had admitted, however, that he and his current wife, Melody, had previously contracted trichomoniasis.
¶ 7. Powell and his wife testified. Powell denied raping his daughter. His principal defense was that he was impotent because of medication he took to combat high *170 blood pressure. Powell’s wife acknowledged that she had contracted trichomo-niasis in early 2006, from an extramarital affair, but both claimed Powell had not been infected because of his impotence. Powell also testified that he had prominent genital warts, which A.B. would have noticed but had not mentioned. Powell also averred that he had not had an opportunity to rape A.B. because of his and his wife’s work schedules and the cramped living conditions in his home. Powell was subsequently convicted and sentenced, and he appeals from that judgment, arguing five issues.
DISCUSSION
1. Weight of the Evidence
¶ 8. In his first issue, Powell argues that the jury’s verdict is against the overwhelming weight of the evidence.
¶ 9. “The jury is charged with the responsibility of weighing and considering conflicting evidence, evaluating the credibility of witnesses, and determining whose testimony should be believed.” Smith v. State, 3 So.3d 815, 818 (¶ 13) (Miss.Ct.App.2009) (quoting Ford v. State, 737 So.2d 424, 425 (¶ 8) (Miss.Ct.App.1999)). The supreme court has discussed appellate review of the weight of the evidence supporting a jury’s verdict, stating:
When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice-However, the evidence should be weighed in the light most favorable to the verdict. A reversal on the grounds that the verdict was against the overwhelming weight of the evidence, unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict. Rather, as the “thirteenth juror,” the court simply disagrees with the jury’s resolution of the conflicting testimony. This difference of opinion does not signify acquittal any more than a disagreement among the jurors themselves. Instead, the proper remedy is to grant a new trial.
Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005) (internal citations and quotations omitted). The court has cautioned that a challenge to the weight of the evidence “is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.” Id. (quoting Amiker v. Drugs For Less, Inc., 796 So.2d 942, 947 (¶ 18) (Miss.2000)).
¶ 10. On appeal, Powell’s argument is largely a rehashing of his defense at trial, which we have outlined above. He further argues on appeal that there was no physical evidence of penetration and that the testimony indicated that A.B. could have contacted trichomoniasis through contact with bodily fluids and that physical penetration was not required for her to have been infected.
¶ 11. Reviewing the testimony as we have summarized it above, we are thoroughly satisfied that the jury’s verdict is not against the overwhelming weight of the evidence. A.B.’s testimony was that Powell had raped her, and this testimony was corroborated by medical evidence. Although Powell testified that he had never been infected with trichomoniasis, this was contradicted by his prior admission to police interviewers that he had, in fact, contracted the disease. Likewise, the testimony that Powell had become impotent in late 2005 was contradicted by his own admission on cross-examination that he *171 may have fathered a child born on March 12, 2007. Furthermore, Powell had not mentioned any problems with impotence during his prior interview with the authorities. And, while it was conceded that A.B. could possibly have contracted trichomo-niasis absent vaginal penetration, A.B. was unequivocal in stating that Powell had penetrated her.
¶ 12. Boiled down, this case presented a question of credibility. The jury, in finding Powell guilty of statutory rape, clearly favored A.B.’s testimony over Powell’s. In that, we can find no reversible error. “The jury is the sole judge of the weight of the evidence and the credibility of the witnesses.” Nix v. State, 8 So.3d 141, 146 (¶ 26) (Miss.2009) (quoting Mohr v. State, 584 So.2d 426, 431 (Miss.1991)). The jury’s verdict is clearly not “so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush, 895 So.2d at 844 (¶ 18). This issue is without merit.
2. Jury Instruction on Penetration
¶ 13. Powell argues that the jury was improperly instructed on the elements of statutory rape. Particularly, he asserts that the instruction offered by the State failed to define the essential element of penetration. Instruction S-2, which was given by the trial court, stated:
The Court instructs the Jury that if you believe from the evidence in this case, beyond a reasonable doubt, that:
(1) On or about and between the 1st day of August, 2006, and the 27th day of May, 2008, in Copiah County, Mississippi;
(2) the defendant, Randall M. Powell, a person;
(3) did wilfully, unlawfully and felo-niously have sexual intercourse with [A.BJ;
(4) a person under 14 years of age and 24 or more months younger than Randall M. Powell;
(5) and is not Randall M. Powell’s spouse;
then you should find the said Randall M. Powell guilty of Statutory Rape.
If you find that the State has failed to prove any one or more of these essential elements of the crime of Statutory Rape, beyond a reasonable doubt, then you must find the defendant not guilty.
¶ 14. Powell acknowledges that he made no contemporaneous objection; this issue is therefore procedurally barred on appeal. Booze v. State, 942 So.2d 272, 275 (¶ 15) (Miss.Ct.App.2006). The argument is also without merit. The supreme court has addressed and rejected the same argument in Gray v. State, 728 So.2d 36, 60-62 (¶¶ 107-22) (Miss.1998) (holding that jury instruction stating that “sexual intercourse” is a required element of rape is sufficient to instruct the jury on penetration). The jury was instructed properly on the elements of statutory rape. This issue is procedurally barred and without merit.
3. Ineffective Assistance of Counsel
¶ 15. Powell argues that, he received constitutionally ineffective assistance at trial. He argues that his trial counsel failed to “(1) provide the court with a peremptory instruction within the time required by the rules; (2) request an instruction defining intercourse as including penetration; and (3) renew the defense motion for [a] directed verdict.”
¶ 16. “In order to prevail on the issue of whether his defense counsel’s performance was ineffective, [the appellant] must prove that his counsel’s performance was deficient and that he was prejudiced by counsel’s mistakes.” Kinney v. State, *172 737 So.2d 1038, 1041 (¶ 8) (Miss.Ct.App.1999) (citing Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Additionally, an appellant is required to “allege both prongs of the above test with specific detail.” Coleman v. State, 979 So.2d 731, 735 (¶ 15) (Miss.Ct.App.2008) (citing Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990)).
¶ 17. “The adequacy of counsel’s performance, as to its deficiency and prejudicial effect, should be measured by a ‘totality of the circumstances.’ ” Taylor v. State, 682 So.2d 359, 363 (Miss.1996). The test is to be applied to the overall performance of counsel. Bigner v. State, 822 So.2d 342, 346 (¶ 24) (Miss.Ct.App.2002). “There is a strong, yet rebuttable, presumption that the actions by the defense counsel were reasonable and strategic.” Taylor, 682 So.2d at 363.
¶ 18. It is unclear from the record precisely what occurred regarding the motion for a directed verdict or the refusal of the peremptory instruction. The trial court stated on the record prior to the sentencing hearing:
I’m not sure that the record has sufficiently preserved what actually occurred, but at the end of this trial Ms. Peterson [defense counsel] was about to prepare a jury instruction requesting a peremptory instruction requesting a directed verdict. The court informed Ms. Peterson that I would place that on the record, and I don’t recall whether I did that, and the court informed Ms. Peterson that I would deny that instruction; therefore, there was no need to take time and go prepare that instruction for the court to deny because I said I could cover that on the record, and Ms. Peterson did request at the close of the evidence in this case a directed verdict and she was in the process of preparing a request for peremptory instruction, which the court denied, and I informed Ms. Peterson that I would deny that....
The record does contain a proffered peremptory instruction, filed March 3, 2009, the date of trial. Although it is marked “refused,” the instruction is unnumbered.[3]
¶ 19. Even assuming that counsel failed to offer a timely peremptory instruction or to renew her motion for a directed verdict at the close of all the evidence, these arguments are without merit because Powell has completely failed to-show, or even assert, with any specific detail how he was prejudiced by these alleged mistakes of counsel. Coleman, 979 So.2d at 735 (¶ 15). Additionally, the supreme court has held that failure to make such motions is not ineffective assistance of counsel where the trial court was presented with an opportunity to review the same issues in a post-trial motion. Parker v. State, 30 So.3d 1222, 1234-35 (¶¶ 46-49) (Miss.2010). It is undisputed that Powell filed a timely motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial. That motion allowed the trial court to review both the weight and sufficiency of the evidence at the conclusion of trial. Therefore, these arguments are without merit.
¶ 20. Powell’s final argument, that trial counsel was ineffective in failing to offer a jury instruction defining sexual intercourse as including penetration, is also without merit. “[C]ounsel’s choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections falls within the ambit of trial strategy.” Bigner, 822 So.2d at 346- *173 47 (¶ 24). Furthermore, as we held above, the jury was properly instructed on the elements of statutory rape. Moreover, there is nothing to suggest that this instruction would have changed the result at trial. It is true that medical testimony indicated that it was possible for A.B. to have been infected with trichomoniasis through contact with bodily fluids, absent penetration, but no evidence was offered at trial that A.B. had been exposed to Powell’s bodily fluids through non-penetrative sexual contact. A.B. testified that she had been vaginally penetrated; Powell denied any sexual contact whatsoever. This issue is without merit.
4. Sentencing
¶ 21. We have consolidated Powell’s final two issues into a single one for the purposes of our analysis. Powell asserts that the trial court increased the severity of his sentence because of Powell’s statement prior to the pronouncement of the sentence that he intended to appeal his conviction. Powell argues that the trial court should not have asked him whether he intended to appeal his conviction. He cites to this exchange between himself and the trial court at the start of the sentencing hearing:
THE COURT: Mr. Powell, I also wanted to inform you that you have been convicted by a jury of your peers of statutory rape. Do you understand you have an absolute right to appeal this conviction? Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: Have you reached a decision yet as to whether or not you wish to appeal?
THE DEFENDANT: We will appeal.
THE COURT: Mr. Powell, you’ll need to file — I believe there’s a time limit that requires you to file certain filings in the court, and you must do so within a specified time period. You can retain that advice from your lawyer. I don’t know if Ms. Peterson will be representing you or someone else will, but in any event, no matter who represents you, you’ll need to file your necessary paperwork in order to perfect that appeal. Do you understand?
THE DEFENDANT: Yes, sir.
Powell argues that the trial court’s statements are unclear and that there is some possibility that the trial court inquired whether Powell intended to appeal for the purpose of punishing him if he answered in the affirmative. Powell argues that any doubt should be resolved in his favor. Powell also argues that the sentence was unduly harsh and disproportionate because this was Powell’s first criminal conviction.
¶ 22. The supreme court has held that: Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute. Further, the general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute.
Hoops v. State, 681 So.2d 521, 587-38 (Miss.1996) (citations and internal quotations omitted). Mississippi Code Annotated section 97-3-65(3)(c) (Supp.2009) states that the punishment for the statutory rape of a child under the age of fourteen years by an adult over the age of eighteen years is “imprisonment for life in the State Penitentiary or such lesser term of imprisonment as the court may determine, but not less than twenty (20) years.” When the trial court sentenced Powell to thirty years’ imprisonment, it stated:
Well, the court[,] recognizing that this is a first offense, I do not have a history— don’t see any prior indications of any problems with Mr. Powell, so I do not believe the maximum is required in this case. I will sentence Mr. Powell to *174 serve a period of 30 years in the Mississippi Department of Corrections. That will be the sentence of the court....
¶ 23. Powell’s argument that the trial court impermissibly punished him for stating his intention to exercise his constitutional right to appeal his conviction is without merit. The trial court’s question as to whether Powell had decided to appeal appears to be nothing more than a segue into the court’s reminder of the procedural requirements for perfecting that appeal. This is not improper; we note that the supreme court has “urge[d] trial courts to advise criminal defendants of their rights concerning appeal on the record at the time of sentencing and to solicit a decision in that regard.” Wright v. State, 577 So.2d 387, 390 (Miss.1991). Powell has failed to demonstrate an abuse of discretion in this respect.
¶ 24. Regarding Powell’s proportionality argument, the supreme court has stated that “where a sentence is within the prescribed statutory limits, it will generally be upheld and not regarded as cruel and unusual.” Gray v. State, 926 So.2d 961, 979 (¶ 63) (Miss.Ct.App.2006) (quoting Tate v. State, 912 So.2d 919, 933 (¶ 48) (Miss.2005)). Nonetheless, where the sentence is grossly disproportionate to the crime committed, it may be subject to attack on the ground that it violates the Eighth Amendment prohibition on cruel and unusual punishment. Id. “The three factors to look at when determining whether a sentence is proportional are: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions.” Id. (citation and internal quotations omitted).
¶ 25. We note as a threshold matter that this proportionality argument is procedurally barred because it was not raised in the trial court. Robinson v. State, 875 So.2d 230, 240 (¶ 31) (Miss.Ct.App.2004). It is also subject to an additional procedural bar because Powell has failed to present any evidence regarding the second or third factors cited in Gray. Gray, 926 So.2d at 979-80 (¶ 64).
¶ 26. Without waiving the procedural bar, we also find the proportionality argument without merit. Appellate courts will not apply the three-prong disproportionality test unless there is an initial showing that “a threshold comparison of the crime committed to the sentence imposed leads to an inference of ‘gross disproportionality.’ ” Edwards v. State, 800 So.2d 454, 469 (¶ 47) (Miss.2001) (citations omitted). The statutory rape of a child by an adult carries with it a statutory maximum penalty of life imprisonment, as well as a statutory minimum sentence of twenty years’ imprisonment, irrespective of whether it is one’s first offense. The rape of one’s own eleven-year-old daughter is a particularly vile and heinous crime, and we find no inference of gross dispro-portionality in Powell’s thirty-year sentence. This issue is procedurally barred and without merit.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY OF CONVICTION OF STATUTORY RAPE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. To protect the identity of minor victims of sexual abuse, we substitute fictitious initials for their names.

. The DHS employee is identified in the record only as “Ms. Jones.”

. Additionally, the trial court stated on the record, immediately before instructing the jury, that it had only refused one defense instruction, an instruction "dealing with prior statements.” There is no explanation in the record for the apparent discrepancy.