Filed 1/20/21  P. v. Perez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM MARTINEZ PEREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B303087<br>(Super. Ct. No. 17F-02461)<br>(San Luis Obispo County) |

William Martinez Perez appeals his 130-year-to-life One Strike sentence (Pen. Code, § 667.61)[1], imposed after he was convicted of sexually abusing three prepubescent girls over an eight-year period.  Appellant claims the sentence violates the cruel and/or unusual punishment provisions of the federal and state constitutions.  (U.S. Const. 8th Amendment; Cal. Const., art. I, § 17.)  We affirm with directions to correct the abstract of judgment.

*Facts*

Between 2001 and 2005, appellant sexually abused M1, the six-year-old daughter of a girlfriend.  From 2011 to 2016,

---

[1] All statutory references are to the Penal Code.

appellant sexually abused T1 and T2, the twin daughters of another girlfriend.  The sexual abuse included vaginal penetration, oral copulation, and inappropriate touching.  The victim" statements were corroborated in a recorded pretext call.  Appellant admitted sexually abusing T1 and T2, and said "people have devils on them" and "I'm just sick."  He promised not to sexually abuse T1 and T2 again.  Before trial, appellant tried to send a letter to the twins' mother asking her to not let the twins testify.

The jury convicted appellant of committing lewd acts on the twins (counts 1-4; § 288, subd. (a)) with special findings that he committed the offenses against more than one victim, and each victim was under the age of 14 (§ 667.61, subds. (b), (e)(4) & (j)(2)).  On counts 5-6, appellant was convicted of committing lewd or lascivious acts on M1 with special findings that the offenses were committed against more than one victim under the age of 14 (§§ 228, subd. (a), 667.61, subds. (b), (e)(4) & (j)(2)).  Pursuant to the "One Strike" law (§ 667.61), appellant was sentenced to four consecutive 25-year-to-life terms on counts 1-4 and two consecutive 15-year-to-life terms on counts 5 and 6.[2]

---

[2] The "One Strike" law is considered an alternative sentencing scheme, not an enhancement.  (*People v. Jones* (1997) 58 Cal.App.4th 693, 708-709.)  Before 2010, the prescribed punishment was 15 years to life, which is why appellant received 15-year-to-life sentences on counts 5 and 6 for the sexual abuse of M1.  The sexual abuse of the twins from 2011 to 2016 (counts 1-4) required 25-year-to-life sentences based on a 2010 amendment to the One Strike law. (See *People v. Betts* (2020) 55 Cal.App.5th 294, 299.)

*Cruel and/or Unusual Punishment*

Appellant claims the sentence violates the cruel and/or unusual punishment provisions of the federal and state constitutions but did not object on that ground, forfeiting the claim. (*People v. Gamache* (2010) 48 Cal.4th 347, 403.) On the merits, the claim fails as a matter of law. "Under the Eighth Amendment of the United States Constitution, 'the courts examine whether a punishment is grossly disproportionate to the crime.' [Citation.] 'Under the California Constitution, a sentence is cruel or unusual if it is so disproportionate to the crime committed that it shocks the conscience and offends fundamental notions of human dignity.' [Citation.]" (*People v. Johnson* (2013) 221 Cal.App.4th 623, 636.) Whether the punishment is cruel and/or unusual is a question of law subject to independent review and the underlying disputed facts are viewed in the light most favorable to the judgment. (*People v. Palafox* (2014) 231 Cal.App.4th 68, 82-83.)

*Federal Constitutional Challenge*

In non-capital cases, the Eighth Amendment has a narrow proportionality principle and prohibits only extreme sentences that are grossly disproportionate to the severity of the crime. (*Ewing v. California* (2003) 538 U.S. 11, 20-21 (*Ewing*); *Graham v. Florida* (2010) 560 U.S. 48, 60-61 (*Graham*).) The sexual abuse of a child is a serious crime and few crimes, if any, are more despicable because of the life-long consequences to the child victim. (*Ashcroft v. Free Speech Coalition* (2002) 535 U.S. 234, 244-245; *People v. Christensen* (2014) 229 Cal.App.4th 781, 806.) Appellant sexually molested not just one girl but three. "Any one act in isolation was a serious offense. Cumulatively, without a doubt, his offenses were grave." (*Ibid.*)

Appellant argues that the sexual abuse did not involve force or violence, even though obtained victim compliance by force and intimidation.  T1 testified that appellant held her down by the shoulders and raped her when she was eight or nine.  About a year later, appellant held T1 face down and put his penis in her vagina.  On another occasion, appellant put his hand around T2's throat and squeezed.  Appellant sexually abused M1 when she was six years old and continued to do so more than 60 times over a four-year period.  Appellant beat M1's mother, scaring M1 enough to delay reporting the sexual abuse.

Appellant claims the sentence is excessive because he has no criminal background and no prior convictions.  The probation report tells a different story.  Appellant had eight prior convictions dating back to 1987.  He used marijuana from age 12 to his mid thirties, used methamphetamine daily for five to six years in his 50s, and used cocaine daily from ages 17 to 24.  Appellant also served a prison term.  The probation report listed eight aggravating factors and no mitigating factors.[3]  The court

---

[3] The One Strike law was enacted to ensure the serious sexual offender receives a long prison sentence regardless of the offender's prior criminal record.  (*People v. Andrade* (2015) 238 Cal.App.4th 1274, 1305 (*Andrade*) [13 consecutive 15-to-life sentences].)  The probation report states the crimes involved great violence, great bodily harm, threat of great bodily harm, or acts disclosing a high degree of cruelty, viciousness, or callousness (Cal. Rules of Court, rule 4.421(a)(1)); the victims were particularly vulnerable (*id.,* rule 4.421(a)(3)); the crimes involved planning, sophistication, or professionalism (*id*., rule 4.421(a)(8)); that appellant took advantage of a position of trust or confidence to commit the offenses (*id*., rule 4.442(a)(11)); that appellant engaged in violent conduct which indicated a serious danger to society (*id*., rule 4.421(b)(1)); that appellant's prior

found that appellant's actions were "callous" and "aggravated," and the sexual abuse began when the victims were very young, "so young that they didn't realize . . . what was occurring . . . ."

The United States Supreme Court has rejected similar Eighth Amendment challenges to life sentences for recidivist theft offenses and first drug offenses. (See *Harmelin v. Michigan* (1991) 501 U.S. 957, 1001, 1005 [upholding life sentence without parole for possession of a large amount of drugs by first-time felon]; *Ewing, supra*, 538 U.S. at pp. 19–20 [California's "Three Strikes" sentence of 25 years to life for $1,200 felony theft with prior thefts and burglary]; *Rummel v. Estelle* (1980) 445 U.S. 263 [upholding life sentence for recidivist thief].) Those offenses pale in comparison to the predatory sexual offenses committed by appellant over an eight-year period. Appellant cites no authority that his One-Strike sentence violates the Eighth Amendment.

*State Constitutional Challenge*

To prevail on the state constitutional challenge (i.e., cruel or unusual punishment), appellant must show the sentence is so disproportionate to the crime that it shocks the conscience and offends fundamental notions of human dignity. (*In re Lynch* (1972) 8 Cal.3d 410, 424.) It is a three-prong test in which the court considers: (1) "the nature of the offense and/or the offender, with particular regard to the degree of danger both present to society" (*id*. at p. 425); (2) a "compar[ison of] the challenged

_____

convictions as an adult were numerous or of increasing seriousness (*id*., rule 4.421(b)(2)); that appellant had served a prior prison term (*id*., rule 4.421(b)(3)); and appellant's prior performance on probation or parole was unsatisfactory (*id*., rule 4.421(b)(5)).

5

penalty with the punishments prescribed in the *same jurisdiction* for *different offenses* which, by the same test, must be deemed more serious" (*id*. at p. 426, original italics); and (3) "a comparison of the challenged penalty with the punishments prescribed for the *same offense* in *other jurisdictions* having an identical or similar constitutional provision" (*id.* at p. 427, original italics).

Appellant abused the trust of three young girls who viewed him as a father figure, and repeatedly sexually abused the girls in the family home. After T1 reported the sexual abuse, appellant feigned remorse, told T1 he was "just sick," and wrote to the twins' mother to dissuade the twins from testifying. The trial court found that appellant was a sexual predator, a danger to society, and the One Strike law was enacted for just this type of crime. Appellant makes no showing that the sentence is disproportionate to the offenses or the offender. (*Andrade, supra,* 238 Cal.App.4th at p. 1310 [rejecting state constitutional challenge to 185-year-to-life sentence; defendant had a pattern of targeting young, vulnerable women]; *People v. Alvarado* (2001) 87 Cal.App.4th 178, 200 (*Alvarado*) [harsh punishment warranted for callous and opportunistic sexual assault of vulnerable victim].)

Appellant has not briefed prong two of *Lynch* which is tantamount to a concession that the sentence withstands state constitutional challenge. (*People v. Retanan* (2007) 154 Cal.App.4th 1219, 1231 (*Retanan*).) On the merits, the punishment is no greater than the statutory penalties more serious California offenses. (*People v. Reyes* (2016) 246 Cal.App.4th 62, 88-89 (*Reyes*); *People v. Gomez* (2018) 30 Cal.App.5th 493, 501-502.) Appellant sexually abused multiple

victims over an aggregate eight-year time period. It is illogical under *Lynch* to compare appellant's punishment to the punishment of those who committed more serious crimes against a single victim.

With respect to the third *Lynch* prong, appellant must demonstrate the sentence is excessive when compared to the punishments prescribed for the same offense in other jurisdictions having an identical or similar constitutional provision. (*In re Lynch*, *supra,* 8 Cal.3d at p. 427.) Appellant fails to make the requisite showing[4] and complains that he (age 59) will not live long enough to serve his sentence. That is of no consequence under *Lynch*. (*Retanan*, *supra*, 154 Cal.App.4th at p. 1231.) The California Legislature has taken a zero tolerance view of predators who sexually abuse multiple victims under the age of 14. It has determined that lengthy indeterminate sentences are necessary because of the gravity of the offense and

---

[4] None of the out-of-state cases cited by appellant involve multiple child victims. (*State v., McKinney* (S.D. 2005) 699 N.W.2d 471, 475 [67 years prison for rape and sexual exploitation of an 11-year-old victim]; *State v. Brown* (Idaho 1992) 825 P.2d 482, 485 [life plus 30 years to life for rape of woman, robbery and aggravated burglary]; *State v. Shaw* (Or. 2010) 225 P.3d 855, 856[25-year sentence for sexual abuse and rape of 11-year-old victim]; *Powell v. State* (Miss. 2010) 49 So.3d 166, 174 [30-year sentence for statutory rape of 11-year-old daughter].) "When the fundamental nature of the offense and the offender differ, comparison for proportionality is not possible. . . . [T]he commission of a single act of murder, while heinous and severely punished, cannot be compared with the commission of multiple felonies. [Citation.]" (*People v. Cooper* (1996) 43 Cal.App.4th 815, 826].)

the serious harm it inflicts. (*People v. Crooks* (1997) 55 Cal.App.4th 797, 807-808; see also *People v. Martinez* (1999) 76 Cal.App.4th 489, 495; *People v. Estrada* (1997) 57 Cal.App.4th 1270, 1281-1282 (*Estrada*).) The prescribed punishment is not cruel or unusual punishment. (*Alvarado*, *supra*, 87 Cal.App.4th at pp. 200-201.)

*Consecutive Indeterminate Sentences*

Appellant argues there is a "dissonance" between the sexual abuse and his sentence because he received six One-Strike life sentences for sexually abusing three victims. The Legislature has determined that the sexual abuse of multiple child victims deserve more severe punishment than a single sex offense. (*People v. Murphy* (1998) 65 Cal.App.4th 35, 41.) Appellant opines that the evolving standards of decency in a maturing society may prohibit punishment that was once acceptable. (See *Graham*, *supra*, 560 U.S. at pp. 58-59.) "He does not, however, provide any authority to demonstrate that the evolving standards of decency demand that he, as a repeat child sex abuser, should be accorded a less severe sentence or the right to eventual parole. Indeed, an argument can be made that society has, in recent years, evolved to demand greater protection for the victims and potential victims of sexual predators." (*Norgaard v. State* (Wyo. 2014) 339 P.3d 267, 276.) There is no constitutional right to sexually abuse multiple child victims, multiple times, and receive a single One-Strike sentence for each victim. (See *People v. Wutzke* (2002) 28 Cal.4th 923, 931 [One Strike law "contemplates a separate life term for each victim attacked on each separate occasion"].) "Every court that has ever considered this issue has rejected [appellant's] contention that section 667.61 does not permit multiple life terms to be imposed based on the multiple-

8

victims circumstance." (*People v. Morales* (2018) 29 Cal.App.5th 471, 483.)

Appellant's 130-year-to-life sentence does not shock the conscience or offend fundamental notions of human dignity. (*In re Lynch, supra*, 8 Cal.3d at p. 424.) Nor do One-Strike sentences violate the federal or state constitutional protection against cruel and/or unusual punishment. (See, e.g., *Estrada, supra*, 57 Cal.App.4th at pp. 1280–1282; *Reyes, supra*, 246 Cal.App.4th at pp. 87–90; *Alvarado, supra*, 87 Cal.App.4th at pp. 200–201; *People v. Lewis* (2013) 222 Cal.App.4th 108, 117–123.)

*Correction of Abstract of Judgment*

Appellant asserts, and the Attorney General agrees the abstract of judgment should be corrected to reflect that counts 5 and 6 were committed in 2001, to conform with the 15-year-to-life sentences imposed on those counts.

*Disposition*

The judgment is affirmed. The superior court clerk is directed to correct the abstract of judgment to reflect that counts 5 and 6 were committed in 2001, and to forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


TANGEMAN, J.

9

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Gusdorff Law and Janet Gusdorff, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael C. Keller, Charles J. Sarosy, Deputy Attorneys General, for Plaintiff and Respondent.